**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **DOLORES LINDSAY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 12-7159** |
| | : | |
| **CAROLYN COLVIN, Commissioner of** | : | |
| **the Social Security Administration,** | : | |
| **Defendant.** | : | |
| | : | |

**FILED**

**JUN 1 9 2014**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**ORDER**

AND NOW, this 19th day of June 2014, upon consideration of the Plaintiff's Motion in Support

of Request for Review [Doc. No. 7], Defendant's response and Plaintiff's reply, the Report and

Recommendation of United States Magistrate Judge Linda K. Caracappa [Doc. No. 13], to which there

were no objections, and after a careful, independent review of the complete administrative record, it is

hereby **ORDERED** that:

1.      The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2.      The carefully reasoned Report and Recommendation is **APPROVED AND ADOPTED**,

with additional guidance from this Court;[1]

3.      Consistent with the R & R, the Plaintiff's Motion is **GRANTED**, and the case is

**REMANDED** to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g) for

proceedings consistent with the Report and Recommendation and this Order.

It is so **ORDERED**.

BY THE COURT:

**CYNTHIA M. RUFE, J.**

---

[1] In determining that Plaintiff's mental health conditions (attention deficit disorder and depression) were not severe at Step 2 of the sequential evaluation process, the ALJ's opinion, dated February 6, 2012, improperly applied the "Listing of Impairments" criteria (20 CFR Part 404, Subpart P, App'x 1, Listing 12.00C). At Step 2 of the sequential evaluation process, an impairment is considered "not severe" only if it is "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." 20 C.F.R. § 404.1521; Social Security Rulings 85-28 and 96-3p. The Listing of Impairments is properly consulted not at Step 2, but rather at Step 3, to determine whether the claimed impairments are *sufficiently severe* to meet (or equal) the criteria set forth in the appropriate Listing. Thus, in finding Plaintiff's mental health conditions were "not severe" at Step 2, the ALJ applied the wrong legal standard. Therefore, in addition to approving and adopting the R & R's conclusion that the ALJ's application of the Listing criteria to the facts of this case was not supported by substantial evidence, the Court notes the improper use of the Listing criteria at Step 2 of the sequential analysis, and directs the ALJ to apply the correct criteria at Steps 2 and 3 on remand.